UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cr-00008-JMS-MJD |
| ) | |
| DAVID HUNTER (01), ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ENTRY FOR JANUARY 31, 2022

On this date, Defendant David Hunter (01) appeared by video teleconference and by counsel, Brent Westerfeld, for a change of plea and sentencing hearing. The Government appeared by counsel, Jayson McGrath. Tara Olson appeared on behalf of the United States Probation Office. The hearing was recorded by Court Reporter, Jean Knepley. Parties appeared for hearing on Defendant's Petition to Enter a Plea of Guilty, plea agreement and Sentencing via video conferencing.

The Court found that the Defendant consents to appear by video conference [42], that the change of plea and sentencing cannot be further delayed without serious harm to the interests of justice for the specific reasons stated on the record. The Government also consented to the video conference hearing. All parties confirmed that no witnesses would be called. No spectators were present by telephone.

After placing the Defendant under oath, the Court inquired of the Defendant whether the Defendant understood the rights that the Defendant would relinquish if the Court accepted the Defendant's plea of guilty to Count 1 of the Indictment [14] and the Defendant responded affirmatively. Evidence of a factual basis for the plea was accepted of record. The Court also conducted additional inquiry of the Defendant, and as a result of the information and testimony provided at the hearing the Court was satisfied that:

- the Defendant was fully competent and able to enter an informed plea,
- the Defendant's plea was being made knowingly and voluntarily,
- the plea was supported by an independent basis in fact containing each of the essential elements of the offense charged.

The Court accepted the Plea [38] pursuant to the Federal Rules of Criminal Procedure 11(c)(1)(C). The Court adjudged the Defendant guilty.

A copy of the Presentence Report was given to the defendant by Probation for his use and reference during the sentencing hearing, pursuant to Crim. R. Proc 32(e)(2). The defendant waived the minimum 35-day period referenced in Rule 32(e)(2), and the Court accepted the defendant's waiver. The parties were heard with respect to the sentence and application of the Sentencing Guidelines.

Pursuant to the Sentencing Reform Act of 1984, Sentence was imposed as stated on the record, including:
- <u>Special Assessment:</u> $100.00
- <u>Incarceration:</u> 120 months. The Court recommends placement where programming is offered. The Court further recommends programs for substance abuse including RDAP, mental health and educational vocational programming.
- <u>Supervised Release:</u> 5 years
- <u>Fine:</u> $900.00 (waives interest)

By reference to the PSR, and after the Defendant waived formal reading, the Court advised the Defendant that while he is on supervised release, he is to comply with the following conditions:

- You shall not commit another federal, state, or local crime.

- You shall cooperate with the collection of a DNA sample.

- You shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of placement on supervised release and two periodic tests thereafter, as directed by the probation officer.

- You shall report to the probation office in the federal judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

- You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

- You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent and shall permit confiscation of any contraband observed in plain view of the probation officer.

- You shall not knowingly leave the federal judicial district where you are being supervised without the permission of the supervising court/probation officer.

- You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

- You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in a criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer with 72 hours of the contact.

- You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in residence occupants, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

- You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

- You shall notify the probation officer within 72 hours of being arrested, charged or questioned by a law enforcement officer.

- You shall maintain lawful full-time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

- You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

- You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The Court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

- You shall not use or possess any controlled substance prohibited by applicable state or federal law unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions frequency and dosage.

- You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

- You shall not use or possess alcohol.

- You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than eight drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

- You shall submit to the search by the probation officer of your person, vehicle, office/business, residence and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enable devices, including the data contained in any such items, whenever the probation

    officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

- You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The Court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

- You shall pay the costs associated with the mental health treatment, to the extent you are financially able to pay. The probation officer shall determine your ability to pay and any schedule of payment.

- You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

- You shall pay to the United States a special assessment of $100. Payment of the special assessment shall be due immediately and is to be made directly to the Clerk, U.S. District Court.

The Government orally moved to dismiss Count 2 of the Indictment [14]. The Court **GRANTED** said motion and Count 2 is **DISMISSED**.

The defendant was remanded to the custody of the U.S. Marshal.

The proceedings were adjourned.

Date: 1/31/2022

                                                Hon. Jane Magnus-Stinson, Judge
                                                United States District Court
                                                Southern District of Indiana

Distribution:

Jayson W. McGrath
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jayson.mcgrath@usdoj.gov

Brent Westerfeld
blwesterfeld@gmail.com